United States District Court
Southern District of Texas
**ENTERED**
December 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY ESCOBAR PALACIOS, § <br> A # 221-280-954 § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> WARDEN RANDALL TATE, *et al.* § <br> § <br> Respondents. § | CIVIL ACTION NO. 4:25-5846 |

## MEMORANDUM OPINION AND ORDER
## GRANTING WRIT OF HABEAS CORPUS

Petitioner Anthony Escobar Palacios is detained in the custody of officials with the United States Department of Homeland Security Immigration and Customs Enforcement (ICE) at the Montgomery Processing Center. Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1).

Escobar Palacios' petition states that he is a Salvadoran national; that he entered the United States in 2013 and has strong community ties; that he has a single misdemeanor conviction from 2015; that immigration officials detained him on November 17, 2025; and that the respondents have denied him a bond hearing; and that his detention is unlawful. He requests immediate release or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within three days. He also requests the issuance of an order to show cause why the writ should not be granted.

On December 8, 2025, the Court entered an order for an expedited answer (Dkt. 4). On December 16, 2025, the Court entered an order for the respondents to show cause why he should not immediately be released from custody or, in the alternative, be granted a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within three days (Dkt. 7). The parties filed responsive briefing (Dkt. 11; Dkt. 13). On December 22, 2025, the Court held a hearing on the order to show cause and heard the parties on appropriate habeas relief for this case.

The respondents oppose habeas relief and argue that he is subject to mandatory detention under 8 U.S.C. § 1225(b) (Dkt. 11). They also assert that the petitioner has not met his burden to show that he exhausted administrative remedies because he had a motion for bond pending before the immigration court at the time he filed his petition.

Having considered the parties' briefing, their arguments at the hearing, and all matters of record, the Court determines that the petitioner, who has been present in the United States for over 10 years, is not subject to mandatory detention under 8 U.S.C. § 1225(b). *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514 (7th Cir. Dec. 11, 2025); *Behnam Goorakani v. Lyons*, No. 25-CV-9456 2025 WL 3632896 (S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025). The Court further determines that the exhaustion doctrine does not bar judicial review. *See id*. at * 3

(exhaustion was not statutorily required under the circumstances and the issue of statutory interpretation belongs in the province of the courts); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (exhaustion is not statutorily required and was excused given that available remedies provided no genuine opportunity for adequate relief and the petitioner raised a substantial constitutional question); *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *6 (W.D. Tex. Sept. 22, 2025).

The Court therefore **ORDERS** that the petitioner's petition for habeas relief (Dkt. 1) is **GRANTED**. The respondents are **ORDERED** to provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with all attendant burdens of proof, within seven days of the date of this order. In the alternative, if the respondents do not provide the petitioner with a bond hearing within seven days, the respondents are ordered to release the petitioner from custody by the end of the seventh day.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on ___December 22___, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE